■ In the Matter of GENNADY GORELIK, Appellant, v NEW YORK CITY SUPPORT COLLECTION UNIT et al., Respondents. [896 NYS2d 68]—

Order and judgment (one paper), Supreme Court, New York County (Joan Madden, J.), entered December 16, 2008, which, in a proceeding challenging, inter alia, an October 2007 determination of respondent New York City Support Collection Unit (SCU) rejecting petitioner's challenge to SCU's April 2005 decision to grant petitioner's former wife a cost-of-living adjustment (COLA) of petitioner's child support obligation, inter alia, dismissed the petition as moot, unanimously affirmed, without costs.

Petitioner challenges SCU's April 2005 COLA adjustment on the ground that it was made during the pendency of his application for a downward modification of his original child support obligation. The downward modification application was granted, albeit not to the extent sought by petitioner, in July 2008, retroactive to the July 2004 filing of the application. Since the COLA adjustment was not a factor in the downward modification proceeding, i.e., the original support obligation was recalculated without regard for the 2005 COLA adjustment, the issue of whether SCU could issue the COLA adjustment while petitioner's application for a downward modification was pending is moot.

This is not an issue that typically evades review (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). The only reason the issue was not reviewed here is because petitioner failed to file objections to SCU's adjustment, although given notice of his right to do so under Domestic Relations Law § 240-c (3).

We note that in July 2006, and again in November 2006, petitioner moved in the downward modification proceeding to vacate SCU's COLA adjustment, as well as the enforcement warrant issued by respondent New York State Department of Taxation and Finance, and did not appeal the denial of those motions. We also note that nothing in Domestic Relations Law § 240-c supports petitioner's argument that a COLA adjustment is precluded by a pending motion in court for a downward modification.

We have considered petitioner's other arguments and find them unavailing. Concur—Tom, J.P., Friedman, Sweeny, Nardelli and Abdus-Salaam, JJ.